1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAIN MORA OLVERA, | 1:09-cv-00620 LJO MJS HC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| DERRAL G. ADAMS, | [Doc. 18] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Brian G. Smiley, Esq., of the Office of the Attorney General for the State of California.

I.   **BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Stanislaus, following a jury verdict on April 28, 2004, finding Petitioner guilty of aggravated sexual assault of a child and of a lewd act on a child in violation of Cal. Penal Code Sections 269(a) and 288(a). (See

1   LD No. 1.[1]) On June 24, 2004, Petitioner was sentenced to serve a term of 35 years to life in

2   state prison. (Id.) Upon appeal, the Petitioner was resentenced to an indeterminate term of 26

3   years to life as reflected in a second amended abstract of judgement issued on May 24, 2006.

4   (See LD Nos. 2-6.)   On April 17, 2007, the California Court of Appeal, Fifth Appellate District,

5   modified the judgment to reduce Petitioner's presentence conduct credits, and affirm the

6   judgment in all other respects. (See LD Nos. 2-7.)

7           Starting in November 2007, Petitioner filed three post-conviction collateral challenges

8   with respect to the judgment in the state courts, all petitions for writ of habeas corpus, as

9   follows:

10          1.      Stanislaus County Superior Court
                    Filed: November 27, 2007[2];
11                  Denied: December 6, 2007;

12          2.      California Court of Appeals, Fifth Appellate District
                    Filed: January 9, 2008[3];
13                  Denied: January 18, 2008;

14          3.      California Supreme Court
                    Filed: February 29, 2008[4];
15                  Denied: August 13, 2008;

16   See LD Nos. 8-13.

17          On March 26, 2009[5], Petitioner filed the instant federal petition for writ of habeas corpus

18

19          [1] "LD" refers to the documents lodged by Respondent in support of his motion to dismiss.

20          [2] In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on
     the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk.
21   487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).  The Ninth Circuit has applied the rule to assess the timeliness
     of federal habeas filings under the AEDPA limitations period.  Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir.
22   2001), citing Houston, 487 U.S. 266, 276, 108 S.Ct. at 2385. Under the mailbox rule, the Court deems petitions
     filed on the date Petitioner presumably handed his petition to prison authorities for mailing. See also Rule 3(d) of
23   the Rules Governing Section 2254 Cases. Although the petition was filed on December 3, 2007, pursuant to the
     mailbox rule the Court considers the petition filed on November 27, 2007, the date Petitioner signed the petition.
24

25          [3]Although the petition was filed on January 14, 2008, pursuant to the mailbox rule the Court considers the
     petition filed on January 9, 2008, the date Petitioner signed the petition.

26          [4]Although the petition was filed on March 10, 2008, pursuant to the mailbox rule the Court considers the
27   petition filed on February 29, 2008, the date Petitioner signed the petition.

28          [5]Although the petition was filed on March 30, 2009, under the mailbox rule the Court will consider the
     petition filed on March 26, 2009, the date Petitioner signed the petition.

1  in this Court. On March 5, 2010, Respondent filed a motion to dismiss the petition as being

2  filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). Petitioner filed

3  an opposition to Respondent's motion to dismiss on April 1, 2010. On May 12, 2010,

4  Respondent filed a reply to Petitioner's opposition.

5  **II.   DISCUSSION**

6  **A.   Procedural Grounds for Motion to Dismiss**

7  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

8  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is

9  not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254

10  Cases.

11  The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an

12  answer if the motion attacks the pleadings for failing to exhaust state remedies or being in

13  violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th

14  Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state

15  remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural

16  grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp.

17  1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss

18  after the court orders a response, and the Court should use Rule 4 standards to review the

19  motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

20  In this case, Respondent's motion to dismiss is based on a violation of the one-year

21  limitations period. 28 U.S.C. § 2244(d)(1).  Because Respondent's motion to dismiss is similar

22  in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state

23  procedural default and Respondent has not yet filed a formal answer, the Court will review

24  Respondent's motion to dismiss pursuant to its authority under Rule 4.

25  **B.   Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

26  On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

27  of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for

28  writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117

S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on March 26, 2009, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the Petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, Petitioner filed an appeal with the California Court of Appeal, Fifth Appellate District on April 17, 2007. (LD No. 7.) The Court of Appeal's decision became final on May 17, 2007, thirty days after filing. See Cal. Rules of Court 8.264 (formerly Rule 24). Petitioner did not seek review in the California Supreme Court. Accordingly, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became final on May 27, 2007, upon expiration of the ten-day period within which to file and serve a petition for review with the California Supreme Court. See Cal. Rules of Court 8.500 (formerly Rule 28). The AEDPA statute of limitations began to run the following day, on May 28, 2007. Patterson v. Stewart,

1   251 F.3d 1243, 1246 (9th Cir. 2001).

2   Petitioner would have one year from May 28, 2007, absent applicable tolling, in which

3   to file his federal petition for writ of habeas corpus.  However, Petitioner delayed in filing the

4   instant petition until March 26, 2009, over nine months after the statute of limitations period

5   expired.  Absent the later commencement of the statute of limitations or any applicable tolling,

6   the instant petition is barred by the statute of limitations. Petitioner has made no showing that

7   the statute of limitations should commence at a later date under § 2244(d)(1)(B)-(D).

8   Accordingly, Petitioner may only rely on tolling to attempt to show that is petition is not barred

9   by the statute of limitations.

10   **C.**     **Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

11   28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for

12   State post-conviction or other collateral review with respect to the pertinent judgment or claim

13   is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).

14   In <u>Carey v. Saffold</u>, the Supreme Court held the statute of limitations is tolled where a

15   petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals

16   between one state court's disposition of a habeas petition and the filing of a habeas petition

17   at the next level of the state court system. 536 U.S. 214, 216 (2002); <u>see also</u> <u>Nino v. Galaza</u>,

18   183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year

19   statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-

20   conviction petition was timely or was filed within a reasonable time under state law. <u>Pace v.</u>

21   <u>DiGuglielmo</u>, 544 U.S. 408 (2005); <u>Evans v. Chavis</u>, 546 U.S. 189 (2006). Claims denied as

22   untimely or determined by the federal courts to have been untimely in state court will not

23   satisfy the requirements for statutory tolling. <u>Id.</u>

24   As stated above, the statute of limitations period began on May 28, 2007. Petitioner

25   filed his first state habeas petition on November 27, 2007, in the Stanislaus County Superior

26   Court. At that point, 183 days of the limitations period had elapsed. Assuming the petition was

27   properly filed, the statute of limitations is tolled for the time this petition was pending. The

28   petition was denied on December 6, 2007. Petitioner next filed a state habeas petition in the

California Court of Appeal, Fifth Appellate District on January 9, 2008, which was denied on January 18, 2008. Petitioner then filed a state habeas petition in the California Supreme Court on February 29, 2008, which was denied on August 13, 2008. Accordingly, the statue of limitations were tolled during the period between November 27, 2007 and August 13, 2008.

As 183 days had expired prior to Petitioner filing his first round of state habeas petitions, 182 days of the limitations period remained as of August 13, 2008.  Accordingly, the limitations period expired on February 11, 2009. The present petition was filed on March 26, 2009, over six weeks after the expiration of the year statute of limitations period including applicable tolling.  Accordingly, the instant federal petition remains untimely.

**D.    Equitable Tolling**

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Petitioner presents several reasons why the Court should be lenient and disregard Respondent's motion to dismiss including: (1) Petitioner's illiteracy and limited knowledge of the English language, (2) ignorance of the law, (3) limited access to the law library, and (4) difficulty in finding assistance from other inmates to prepare his petition.

The federal courts have duty to construe pro se pleadings liberally. Hamilton v. United States, 67 F.3d 761, 764 (9th Cir.1995) (citing Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quotation omitted)). Consistent with such duty, the Court shall consider Petitioner's grounds for lenience as potential grounds for equitable tolling, and review them in turn.

1.    Illiteracy and Limited Knowledge of the English Language

Petitioner contends he should be granted equitable tolling because he is illiterate and was not provided adequate legal assistance for a non-English speaker. In Mendoza v. Carey,

449 F.3d 1065, 1069-71 (9th Cir. 2006), the Ninth Circuit held that a non-English speaking petitioner may be entitled to equitable tolling if he can demonstrate that he was unable, despite diligent efforts, to procure legal materials in his language or to obtain translation assistance. However, in <u>Pace v. DiGuglielmo</u>, the Supreme Court made clear the requirement that equitable tolling is only available if the petitioner demonstrates that he acted diligently. 544 U.S. at 418. In order to show diligence, he must provide details of any specific actions he took toward the filing of the petition. Arthur v. Allen, 452 F.3d 1234, 1253 (11th Cir. 2006), *opinion modified on reh'g*, 459 F.3d 1310 (11th Cir. 2006). Additionally, he "bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008). In this case, Petitioner fails to demonstrate that he acted diligently. His only assertion is a statement that he is illiterate with very little understanding of English. Petitioner fails to state with specificity any actions he took to mitigate his language deficiency. His conclusory claim is insufficient to satisfy his burden of demonstrating he acted diligently.

2.    <u>Ignorance of the Law</u>

Petitioner also claims he should be entitled to equitable tolling because he is uneducated and does not have knowledge of the law. This claim for equitable tolling must also fail. <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006) (pro se lack of legal sophistication is not an extraordinary circumstance warranting equitable tolling); <u>Turner v. Johnson</u>, 177 F.3d 390, 392 (5th Cir. 1999), (inmate's lack of legal training, a poor education, or illiteracy does not give a court reason to toll the limitations period); <u>Shoemate v. Norris</u>, 390 F.3d 595, 598 (8th Cir. 2004); <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir. 2000). Petitioner's circumstances are no different than the majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus. Accordingly, his ignorance of the law is not an extraordinary circumstance entitling Petitioner to equitable tolling.

3.    <u>Limited Access to Law Library</u>

Petitioner also claims that lockdowns and Petitioner's class schedule have interfered with his access to the law library. These circumstances are also not extraordinary and do not

1    warrant equitable tolling. See United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D.Cal.

2    1997) (inability to secure copies of transcripts from court reporters and lockdowns at prison

3    lasting several days and allegedly eliminating access to law library were not extraordinary

4    circumstances and did not equitably toll one-year statute of limitations); Atkins v. Harris, 1999

5    U.S. Dist. LEXIS 164, 1999 WL 13719, *2 (N.D. Cal. Jan. 7, 1999) ("lockdowns, restricted

6    library access and transfers do not constitute extraordinary circumstances sufficient to

7    equitably toll the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions

8    of prison life must take such matters into account when calculating when to file a federal

9    [habeas] petition . . . ."); Giraldes v. Ramirez-Palmer, 1998 U.S. Dist. LEXIS 17573, 1998 WL

10   775085, *2 (N.D. Cal. 1998) (holding that prison lockdowns do not constitute extraordinary

11   circumstances warranting equitable tolling). Moreover, Petitioner fails to make a showing that

12   he was prevented in any way from timely filing the instant petition during the limitations period.

13   Petitioner references lockdowns, foggy days, library closures, and other events, but provides

14   no specific times in which he was not able to access the library. Petitioner's vague claim that

15   lockdowns prevented him from timely filing the petition is insufficient to justify equitable tolling.

16   The various lockdowns experienced by Petitioner are shared by the majority of incarcerated

17   prisoners attempting to file petitions for writ of habeas corpus. Such circumstances are not

18   extraordinary and do not justify equitable tolling.

19            4.    Assistance from Other Inmates

20        Additionally, Petitioner's claim of equitable tolling based on difficulty in finding

21   assistance from other inmates must fail. The actions of fellow inmate assistants which result

22   in an untimely petition do not constitute extraordinary circumstances sufficient to justify

23   equitable tolling. See Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988); Hughes v. Idaho

24   Board of Corrections, 800 F.2d 905, 909 (9th Cir. 1986).

25   **III.    CONCLUSION**

26        As explained above, Petitioner failed to file the instant petition for Habeas Corpus within

27   the one year limitation period required by 28 U.S.C. § 2244(d).  While Petitioner is entitled to

28   the benefit of statutory tolling, the Petition was still not timely filed. Finally, Petitioner is not

excused from timely filing due to equitable tolling.  Based on the foregoing, this Court recommends that Respondent's motion to dismiss be granted.

## IV.    RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections.  The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    August 26, 2010          /s/ Michael J. Seng
                    UNITED STATES MAGISTRATE JUDGE